UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DOLORES JANET McCONNELL,

Plaintiff,

v.

COMMUNITY DEVELOPMENT AGENCY,

Defendant.

Civil File No. 00-2105 (JMR/FLN)

**ORDER**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which she is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). For the reasons stated below, the Court finds that Plaintiff cannot be granted IFP status at this time, because her current complaint fails to state a claim on which relief can be granted. However, Plaintiff will be given an opportunity to file an amended complaint, and if she does so within the time allowed by this order, her IFP application will then be reconsidered.

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26,

FILED SEP 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In this case, Plaintiff has alleged only that Defendant, "Community Development Agency," has engaged in "acts of discrimination" against her and her family over the course of the past twenty years. The complaint does not identify any individual agents or employees of the Defendant who were responsible for any of the alleged acts of discrimination. More importantly, the complaint does not include any factual allegations describing any specific acts of discrimination, nor does it explain the alleged grounds for discrimination, (i.e., why Plaintiff allegedly was selected for discriminatory treatment). Furthermore, the complaint refers only to state law, not federal law, which suggests that this action may not belong in federal court.

The Court finds that even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d. at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's present complaint fails to state any claim on which relief may be granted. The action is therefore subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, it will not be recommended that the action be dismissed at this time. Instead, Plaintiff will be given an opportunity to file an amended complaint.

---

1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling [her] to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

If Plaintiff believes that she can plead sufficient factual allegations to support a cognizable federal claim, she should file an amended complaint by no later than October 13, 2000. If she elects to file an amended complaint, she must submit an entirely new pleading clearly labeled "Amended Complaint." She must comply with the pleading rules prescribed by Fed. R. Civ. P. 8-11; she must describe the specific factual allegations on which her claims are based, in separate numbered paragraphs; and she must expressly indicate whether her claims are based on federal law. (If Plaintiff's claims are based on federal law, the amended complaint should indicate the steps she has taken, if any, to exhaust any available administrative remedies.) If Plaintiff does not file an amended complaint within the time allowed, it will be recommended that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

ORDER

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), is DENIED at this time; and

2. Plaintiff shall be permitted to file an Amended Complaint by no later than October 13, 2000, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: September 15, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge